IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| The United States of America, | : |
| | : |
| Plaintiff, | :   CIVIL ACTION NO. |
| v. | : |
| | : |
| Carahsoft Technology Corp., | : |
| | : |
| Defendant. | : |
| | : |
| | : |
| | : |

**PETITION OF THE UNITED STATES TO ENFORCE
CIVIL INVESTIGATIVE DEMAND NO. 22-498**

Pursuant to the False Claims Act (FCA), 31 U.S.C. § 3733(j), the United States petitions this Court for an Order directing Carahsoft Technology Corp. (Carahsoft) to comply with Civil Investigative Demand (CID) No. 22-498, which was issued to Carahsoft and served on June 1, 2022. As set forth below, Carahsoft has not petitioned to modify or set aside CID No. 22-498 or otherwise stated any valid objection, but it has refused to produce the documents and interrogatory responses demanded by CID No. 22-498.

In support of this Petition to Enforce CID No. 22-498, the United States states the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this proceeding under 31 U.S.C. § 3733(j) and 28 U.S.C. § 1331.

2. Venue is proper under 31 U.S.C. § 3733(j).

**Parties**

3. Petitioner is the United States. Agencies of the United States, including the Department of Defense (DoD), purchase technology solutions, like software, cloud storage, and related hardware and services from Carahsoft.

4. Respondent Carahsoft is a "Government IT Solution Provider" located in Reston, Virginia. From at least January 1, 2014, and continuing to the present, which is the relevant time period in CID No. 22-498, Carahsoft has sold technology solutions that are manufactured or owned by ▇ and ▇ affiliates to the federal government, including the DoD. During that period Carahsoft directly sold or offered to sell these technology solutions to the DoD, including to DoD agencies that are located in this district. Also, as the sole distributor of ▇ technology solutions to the two other ▇-approved resellers, Carahsoft indirectly sold these technology solutions to the DoD, including to DoD agencies that are located in this district.

5. As a direct reseller to the DoD, Carahsoft communicated frequently with DoD customers and generated, received, and transmitted records relating to the sale of the technology solutions at issue in this matter.

6. As the sole distributor to only two resellers, Carahsoft communicated frequently with and provided quotes to the two resellers, which they then used to create bids that were submitted to the DoD. One of the two resellers is located in this district. During this business arrangement, Carahsoft generated, received, and transmitted records relating to the sale of the technology solutions to or by the resellers.

7. According to public data, Carahsoft received over 600 federal contract awards and was paid over $990 million by the United States for ▇ technology solutions. The $990 million paid to Carahsoft does not include the federal payments to the other resellers that acquire

▮ technology solutions from Carahsoft.

8. Based on public data, the United States has spent over $2 billion on the ▮ technology solutions sold directly or indirectly by Carahsoft during the relevant time period that is at issue in this matter.

**Issuance and Service of CID No. 22-498**

9. On May 6, 2022, CID No. 22-498 was issued to Carahsoft pursuant to the FCA by Jamie Ann Yavelberg, Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Fraud Section, who is a designee of the Attorney General under 31 U.S.C. § 3733(a)(1). *See* 28 C.F.R. Part 0, App. Subpt. Y.

10. On June 1, 2022, CID No. 22-498 was served on Carahsoft through Carahsoft's counsel Richard Conway of the law firm of Blank Rome LLP.

11. CID No. 22-498 seeks documents and interrogatory responses.

12. As stated in CID No. 22-498, the United States is seeking information regarding whether Carahsoft "conspired to make, made, or caused to be made false claims to the [DoD] by coordinating the bids, prices, and/or market for ▮ software, cloud storage, and related hardware and services."

13. As part of this investigation, the United States issued CID No. 22-498 to Carahsoft because the United States has reason to believe that Carahsoft has possession, custody, or control of information that is relevant to this investigation.

14. The information sought by CID No. 22-498 is reasonably related to the United States' investigation under the FCA, and CID No. 22-498 is neither indefinite nor unduly burdensome.

15. The United States has not commenced any FCA lawsuit against Carahsoft.

16.     The United States has not made an election under the FCA in any proceeding involving Carahsoft.

## Carahsoft Has Failed to Produce the Documents and Interrogatory Responses Required by CID No. 22-498

17.     In over a year since receiving CID No. 22-498, Carahsoft has produced only 2,650 documents.

18.     Carahsoft has admitted that it has possession, custody, or control of thousands of documents that it has not turned over despite the United States' repeated attempts to obtain these documents.

19.     The United States has made repeated attempts to obtain Carahsoft's compliance with CID No. 22-498.

20.     Carahsoft has failed to produce documents other than the 2,650 documents or to answer a single interrogatory.

## Carahsoft has Failed to File a Petition to Modify or Set Aside the CID

21.     CID No. 22-498 directed Carahsoft to provide documentary responses no later than 30 days after June 1, 2022.

22.     CID No. 22-498 directed Carahsoft to provide interrogatory responses no later than 20 days after June 1, 2022.

23.     Under the FCA, "Any person who has received a civil investigative demand . . . may file . . . a petition for an order of the court to modify or set aside such demand." 31 U.S.C. § 3733(j)(2)(A).  Any such petition "must be filed within 20 days after the service of the" CID, within the "return dates specified in the demand," or "within such longer period as may be prescribed in writing by any false claims law investigator identified in the demand." 31 U.S.C. § 3733(j)(2)(A)(i)&(ii).

24. To date, Carahsoft has not petitioned any court to modify or set aside CID No. 22-498.

25. The undersigned attorneys are the "false claims law investigators" named in CID No. 22-498, and they did not prescribe in writing a longer period for Carahsoft to file a petition.

26. Despite repeated attempts to get Carahsoft to produce documents and provide interrogatory responses, Carahsoft has failed to respond to CID No. 22-498.

27. Summary enforcement of CID No. 22-498 is now appropriate.

WHEREFORE, the United States requests as follows:

1. That this Court enter an Order to Show Cause directing Carahsoft to show cause as to why it should not be compelled to comply with CID No. 22-498;

2. That this Court enter an Order directing Carahsoft to comply with the following requirements of CID No. 22-498 within fourteen (14) days or such other deadline(s) set by the Court:

    A. Provide a list of all custodians with documents or information relevant to the CID;

    B. Produce all hard copy documents that are responsive to the CID;

    C. Produce all text messages, voicemail, and other data from smart phones that are responsive to the CID;

    D. Produce all documents that Carahsoft has prepared for production, including but not limited to the emails referenced by Carahsoft on September 30, 2022 (Government Ex. 4), documents referenced by Carahsoft on October 31, 2022 (Government Ex. 3), and emails referenced by Carahsoft on January 3, 2023

(Government Ex. 5);

   E.  Provide written responses to the interrogatories in the CID;

   F.  Submit its certificate of compliance with the interrogatory requests; and

 3. That this Court enter an Order directing Carahsoft to comply with the remaining requirements of CID No. 22-498 within twenty (20) days or such other deadline(s) set by the Court, including

   A.  Produce all other responsive documents;

   B.  Cure existing deficiencies in all productions and otherwise comply with the CID instruction to "produce imaged hard copy and electronic documents according to the [government's] Specifications for Production of Electronically Stored Information and Digitized Images"; and

   C.  Submit its certificate of compliance with the document requests.

July 19, 2023

                   Respectfully submitted,

                   BRIAN M. BOYNTON
                   Principal Deputy Assistant Attorney General

                   EREK L. BARRON
                   United States Attorney

*Digitally signed by MATTHEW HAVEN*
*Date: 2023.07.27 12:55:27 -04'00'*

MATT HAVEN
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800
Matthew.Haven@usdoj.gov

JAMIE ANN YAVELBERG
SARA McLEAN
SAMSON O. ASIYANBI
VINCENT J. VACCARELLA
Commercial Litigation Branch
United States Department of Justice
175 N Street, N.E., Suite 9.224
Washington, D.C. 20002
(202) 353-1053
(202) 307-0418
Samson.Asiyanbi2@usdoj.gov
Vincent.J.Vaccarella@usdoj.gov