CIVIL INVESTIGATIVE DEMAND

# United States Department of Justice
**Washington, D.C. 20530**

TO:   Carahsoft Technology Corp.                                    Civil Investigative
       11493 Sunset Hills Road                                         Demand No. 22-498
       Suite 100
       Reston, Virginia 20190

      This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729.  The False Claims Act investigation concerns whether ████ its affiliates, and various resellers, including Carahsoft Technology Corp., conspired to make, made, or caused to be made false claims to the Department of Defense by coordinating the bids, prices, and/or market for ████ software, cloud storage, and related hardware and services.

      This Demand requires you to provide documents and answers to the attached written interrogatories to the Federal Government.  This is the original of the Demand; no copies have been served on other parties.  The information and documents provided in response to this Demand may be shared, used, and disclosed as provided by 31 U.S.C. § 3733.

**Document Requests:**

      You are required by this Demand to produce any and all documents in your possession, custody, or control responsive to the document requests set forth in Attachment D to this Demand.

      You must make this material available to Trial Attorney Samson Asiyanbi and Assistant United States Attorney Vincent Vaccarella, who have been designated as False Claims Act custodians in this case. Mr. Asiyanbi may be contacted at samson.asiyanbi2@usdoj.gov | 202-598-7316 and Mr. Vaccarella may be contacted at vincent.vaccarella@usdoj.gov | 410-209-4836, if you have any questions.  These documents shall be produced no later than thirty (30) days from the receipt of this Demand, at U.S. Department of Justice, Civil Division, 175 N Street NE, Room 9.224, Washington, D.C., 20008, or at another time or location to be mutually agreed upon by you and the False Claims Act custodians.  The production of documentary material in response to this Demand must be made under a sworn certificate in the form printed in this Demand.

**Written Interrogatories:**

      You are required by this Demand to answer the attached interrogatories.  The answers to interrogatories shall be submitted no later than twenty (20) days from the receipt of this Demand, at U.S. Department of Justice, Civil Division, 175 N Street NE, Room 9.224, Washington, D.C.,

-2-

20008, or at another time or location to be mutually agreed upon by you and the False Claims Act custodians. The interrogatories shall be answered separately and fully in writing under oath and also shall be submitted under a sworn certificate in the form printed in this Demand. If you object to any interrogatory, the reasons for the objection shall be stated with specificity.

Issued at Washington, DC, this __6th__ day of __May_____, 2022.

JAMIE ANN YAVELBERG
Digitally signed by JAMIE ANN YAVELBERG
Date: 2022.05.06 14:10:01 -04'00'

_____
Jamie Ann Yavelberg
Director
Commercial Litigation Branch

-3-

# FORM OF CERTIFICATE OF COMPLIANCE[1]

I have responsibility for producing the documents requested in Civil Investigative Demand No. 22-498. I hereby certify that all the materials required by that Civil Investigative Demand which are in the possession, custody or control of the person to whom the Demand is directed have been submitted to a custodian named therein.

If any such material has not been produced because of a lawful objection, the objection to the document request and the reasons for the objection have been stated.

Signature  _____

Title  _____

**SWORN TO** before me this _____ day of _____, 2022

_____
NOTARY PUBLIC

---

[1] In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

# FORM OF CERTIFICATE OF COMPLIANCE[1]

  I have responsibility for answering interrogatory numbers_____in Civil Investigative Demand No. 22-498.  I hereby certify that all the information required by the Civil Investigative Demand and in the possession, custody, control, or knowledge of the person to whom the Civil Investigative Demand is directed has been submitted.  To the extent information has not been furnished, the information is identified and the reasons why the information was not furnished are set forth with particularity.  Additionally, if any such information has not been produced because of a lawful objection, the objection to the interrogatory and the reasons for the objection have been stated. I certify under penalty of perjury that the foregoing interrogatory responses are true and correct.

                       Signature_____

                        Title_____

**SWORN TO** before me this_____day of
_____, 2022

_____
    NOTARY PUBLIC

---

[1] In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

## VERIFIED RETURN OF SERVICE

I,_____, an employee of the United States working under the direction and supervision of attorney Samson Asiyanbi or Vincent Vaccarella in connection with a false claims law investigation, hereby certify that at the time of _____, on the day of _____, 2022, I personally served Civil Investigative Demand No. 22-498 on _____, by delivering an executed copy of such Demand at:

_____

_____

_____

.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this _____ day of _____, 2022.

Signature_____

Title_____

# ATTACHMENT TO CIVIL INVESTIGATIVE DEMAND FOR DOCUMENTS AND INTERROGATORIES

## A. DEFINITIONS

1. Unless specified otherwise, the terms "Carahsoft," "you," or "your" mean Carahsoft Technology Corp. with a principal place of business at 11493 Sunset Hills Road, Suite 100, Reston, Virginia 20190, any and all predecessors, successors, affiliates, subsidiaries, parent companies, branches, divisions, offices, units, officers, directors, employees, agents, consultants, and assigns.

2. "Communication" is used in the broadest sense permitted by Federal Rule of Civil Procedure 26(b), 34(a) and 45(a) and means any transmission or exchange of information orally or in writing.

3. "Document" and "Documents" are used in the broadest sense permitted by Federal Rule of Civil Procedure 26(b), 34(a) and 45(a) and include, but are not limited to, any hard copy or electronically stored information and emails.

4. "Employee" shall mean any person including, but not limited to, an employee, volunteer, independent contractor or agent, all past and present directors, officers, agents, representatives, accountants, advisors, and consultants who acted or purported to act on Your behalf or who performed any service for You under Your name, whether on a full-time, part-time, piece-work, commission or other basis and whether paid or unpaid.

5. "Relating to" and "related to" mean consisting of, concerning, referring to, reflecting, supporting, evidencing, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected to the matter discussed.

6. The terms "and" and "or" shall be construed conjunctively or disjunctively so as to make each particular request inclusive rather than exclusive.

7. The terms "any" and "all" shall be construed conjunctively or disjunctively so as to make each particular request inclusive rather than exclusive.

8. The singular and plural forms of any word shall be construed interchangeably so as to bring within the scope of this Demand any document which might otherwise be construed as outside its scope.

9. The term "DoD ESI" means Department of Defense's Enterprise Software Initiative, a DoD initiative that is designed to lead in the establishment and management of enterprise information technology ("IT") agreements, assets, and policies for commercial software, IT hardware, and services.

10. The term "███" shall include ██ ████ ████ Inc. (based in Washington, DC), ████ Inc. ████████████████ and ██ ██ (based in

11. The term "███" means ███████ Inc.

12. The term "██████" means ██████ ████████

13. The term "██ Reseller" means any entity that is or was an authorized reseller of software, cloud storage, or other products or services that are published, produced, or provided by ██ or ██ including products and services procured through DoD ESI or through any government blanket purchase agreement or government wide acquisition contract. ██ Reseller includes but is not limited to ████████ Inc. (████ █████ █████████ (████ ████ and/or ████ █████ █████████

14. The phrase "solicitation(s) on DoD ESI" includes pre-solicitation inquiries (including Performance Work Statements ("PWS")), solicitations, amendments to solicitations, negotiation of project scope, contracts, awards, and all other efforts to procure IT through DoD ESI.

## B. INSTRUCTIONS

1. *Relevant Time Period:* Unless otherwise stated in any specific request below, each request covers the relevant time period since January 1, 2014.

2. This Demand is continuing in nature. If you become aware of or acquire possession, custody, or control of additional documents that are responsive to this Demand, or if you become aware of or acquire additional information that is responsive to these Interrogatories, you shall promptly produce such additional documents or supplement your Interrogatory responses.

3. This Demand applies to all documents and information in your possession, custody, or control regardless of their location and regardless of whether such documents or information are held by your current or former employees, including, but not limited to, in-house IT specialists and technicians, IT specialists and technicians to whom digital services have been out-sourced.

4. All documents produced pursuant to this Demand are to be organized in such a manner that all documents relating to a particular request are grouped together and identified as being responsive to that request.

5. If any document which is otherwise responsive to this Demand is not disclosed because of a claim of privilege or other objection, you shall identify such documents on a Privilege Log. The Privilege Log shall be produced in Excel or Word format and include the following information:

    (a) the basis for the assertion of the privilege or objection;

    (b) the type of document (e.g., letter, memorandum, email, etc.)

    (c) the name and title of the author (and if different, the preparer and signatory);

    (d) the name(s) and title(s) of the individual(s) to whom the document was addressed;

    (e) the name(s) and title(s) of the individuals to whom the document or a copy of the document was sent or to whom the document or a copy, or any part thereof, was shown;

    (f) the date of the document;

    (g) number of pages;

    (h) a general description of the subject matter; and

    (i) the Request(s) to which the document is responsive.

6.    When a requested document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible.  If a privilege is asserted with regard to a part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document is redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

7.    If any document otherwise responsive to this Demand is not produced because it was lost, destroyed, or discarded:

    (a) identify the document by type, date, and title;

    (b) identify the person who last had custody or control over the document;

    (c) state the date on which the document was destroyed or was discovered to have been lost;

    (d) if the document was destroyed, state why it was destroyed and identify the person(s) who destroyed it;

    (e) if the document was lost, describe the circumstances in which its loss was discovered, state the date that it was last seen or otherwise accounted for, and identify the person(s) who discovered its loss and who last saw or otherwise accounted for it;

    (f) identify all persons who have knowledge pertaining to the destruction or loss of the document, giving a concise but complete statement of the knowledge you claim each such person has;

    (g) identify all persons who have knowledge of the contents of each lost or destroyed document, giving a concise but complete statement of the knowledge you claim each such person has; and

    (h) produce all existing indices, lists, or other documents in your possession, custody, or control that reflect the existence of such lost or destroyed documents, and/or their transfer or destruction.

8. If no documents exist that are responsive to a specific document Request, a written statement to that effect shall be provided at the time of production.

9. To the extent that documents responsive to this Demand are in the possession, custody, or control of third parties, this Demand requires a statement to that effect at the time of production, specifically providing the name, address, telephone number and principal contact of the third party, and shall further identify those documents in said third party's possession.

10. Please produce imaged hard copy and electronic documents according to the attached **Specifications for Production of Electronically Stored Information and Digitized Images**.

11. For each Interrogatory and subpart thereof, you must respond separately and in writing. Your responses must identify all documents that you used, referenced, or relied upon in your written responses.

12. If you withhold any information responsive to any Interrogatory based on a claim of privilege or other objection: (a) furnish the basis for the assertion of the privilege or objection, (b) identify all individuals who could respond to the Interrogatory with regard to the information that is being withheld, and (c) set forth the general subject matter and the specific Interrogatory or Interrogatories to which each individual could testify.

13. When providing the name of an individual in response to any Interrogatory or individuals identified pursuant to Instruction 12 above, provide the individual's last known address, telephone number, email address, or other contact information, as well as the individual's relationship to you. If the individual is or was an employee, provide the individual's title and dates of employment.

## C. INTERROGATORIES

1. Provide a list of all teaming agreements, partnerships, or contracts that you have with ▇▇▇ and/or ▇▇▇ for which you submitted a bid, offer, or quote in response to a solicitation on DoD ESI.

2. Provide a list of all personnel involved in negotiating each agreement, partnership, or contract in the preceding Interrogatory, including their
   a. Name;
   b. Title or position;
   c. Dates of employment;
   d. Employment status;
   e. Cell phone number; and
   f. Address.

3. Provide a list of all reseller agreements, partnerships, or contracts between you and ▇▇▇ and/or ▇▇▇ for which you submitted a bid, offer, or quote in response to a solicitation on DoD ESI.

4. Provide a list of all personnel involved in negotiating each agreement, partnership, or contract in the preceding Interrogatory request, including their
   a. Name;
   b. Title or position;
   c. Dates of employment;
   d. Employment status;
   e. Cell phone number; and
   f. Address.

5. Provide a list of any agreement, partnership, or contract involving ▇▇▇ and/or ▇▇▇ that prohibits you from competing against ▇▇▇ or any ▇▇▇ Reseller for a government contract.

6. Provide a list of any remuneration, including being an approved reseller, preferred pricing, allocation of any project or government agency, or any other tangible or intangible value, offered or received pursuant to or in exchange for any agreement, partnership, or contract with ▇▇▇ and/or ▇▇▇ In responding to this Interrogatory, identify all of the persons and entities involved in offering or receiving the thing of value or remuneration.

7. Provide a list of every government contract, award, task order, or delivery order where you submitted a bid, offer, or quote that was intended or expected to lose or that was not competitive.

8. Provide a list of all solicitations on DoD ESI in which you did not submit a bid, regardless of whether you gave a notice of declination or not, as well as the internal reason for declining or not bidding. For each solicitation that is responsive to this Interrogatory, identify the



personnel involved in your internal decision and state whether you gave notice of declination or not.

9. State whether you submitted a declination to bid in response to a solicitation on DoD ESI and the declination was based on a notice that was written in whole or in part by another company. For responses to this Interrogatory, provide a list itemizing each responsive declination, including the solicitation number, the date of declination, the original author of the declination notice, how and from whom you received the declination notice, and how and to whom you transmitted the declination notice.

10. State whether you made any submission to the DoD in response to a solicitation on DoD ESI that was drafted in whole or in part or that was otherwise reviewed, revised, or edited by any other ▓▓ Reseller prior to the submission. For each responsive submission, provide all relevant details to the submission.

11. State whether you had any communications with any ▓▓ Reseller regarding any solicitation on DoD ESI, including regarding projects that were ultimately withdrawn or canceled by the DoD.

12. State whether you have or have ever had any agreement, understanding, or accord with any ▓▓ Reseller regarding any products or services to the DoD.

13. State whether you had any communications with ▓▓ ▓▓ ▓▓▓ and/or any other ▓▓ Reseller regarding any bid protest, identifying the names and positions of the personnel involved in the communications, the dates of the communications, and the subject of the communications.

### D. DOCUMENT REQUESTS

1. Organization charts sufficient to show the personnel of your company.

2. Documents sufficient to show the board of directors, corporate structure, governing structure, and/or ownership of your company.

3. Documents sufficient to show your revenue, expenses, costs, profits, and taxes.

4. Documents sufficient to identify all employees, contractors, or personnel involved in government contracting in your company, including government contracting through DoD ESI. As to each person, include their
    a. Full name;
    b. Address;
    c. Telephone numbers and/or any other contact information;

   d.  Position/title;
   e.  Status (including whether employee or contractor);
   f.  Hire date; and
   g.  Departure date (if applicable).

  5. All documents or communications relating to travel and entertainment and related expenses relating to solicitations, sales, marketing, or other business activities that is relevant to DoD ESI.

  6. All documents or communications reflecting any cooperation, coordination, agreement, understanding, and/or accord between you and any other ▓▓ Reseller.

  7. All documents or communications reflecting any written, unwritten, formal, or informal contract between you and any other ▓▓ Reseller.

  8. All documents sufficient to show all persons or entities with which you have or have had a teaming agreement and/or reseller agreement in response to a solicitation on DoD ESI.

  9. All draft and final teaming or reseller agreements, partnerships, or contracts in response to a solicitation on DoD ESI.

  10. All documents or communications relating to negotiating, implementing, or enforcing a teaming or reseller agreement, partnership, or contract.

  11. All documents or communications relating to punishment, sanction, or retaliation for any violation of a teaming or reseller agreement, partnership, or contract.

  12. All documents or communications reflecting any cooperation, coordination, agreement, understanding, accord, and/or contract involving you, ▓▓▓▓ and/or ▓▓▓▓ in response to a solicitation on DoD ESI, including in anticipation of future projects and regardless of projects announced, solicited, awarded, or canceled.

  13. All documents or communications reflecting your review, assessment, consideration, inquiry, proposal, bid, price, or quote in response to a solicitation on DoD ESI.

  14. All documents or communications between you and any other ▓▓ Reseller.

  15. All documents or communications, within your company, with any teaming member or partner, or with any employee or agent of the Federal Government, relating to bidding, pricing, quoting, or declining to bid, price, or quote in response to a solicitation on DoD ESI.

  16. All documents or communications involving you and any staffing agency,

including but not limited to ▮▮▮▮ Solutions, relating to any solicitation on DoD ESI.

17. All documents or communications that is responsive to any Interrogatory.

18. All documents or communications relating to any formal, informal, draft, or final complaints or concerns relating to any communications with competitors, with ▮ or ▮▮ with ▮▮▮ or with any other party in relation to the marketing or sale of commercial software, IT hardware, and/or IT services to the Federal Government.