IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>CARAHSOFT TECHNOLOGY CORP.,<br>    *Defendant* | No. 23-CV-1999-RDB |

**MEMORANDUM OPINION AND ORDER**

This case arises on a petition by the government to enforce a Civil Investigative Demand ("CID") directed to Carahsoft Technology Corp. ("Carahsoft"). *See* ECF Nos. 1 & 3 (petition). The CID, dated May 6, 2022, contains requests for production of documents and interrogatories. ECF No. 1-4 at 10-13. This case has been referred to me for all discovery and related scheduling matters. ECF No. 21.

The parties appeared on February 15, 2024, for a telephonic and discovery conference, following submission of status reports, ECF No. 31, and pre-conference letter briefs, ECF Nos. 33-35, regarding disputes over the adequacy of Carahsoft's collection and production of documents, and whether Carahsoft's certifications accompanying its document productions and interrogatory answers complied with the certification requirements of 31 U.S.C. § 3733(f)(1) and (g).

**Document collection and production**

As for the adequacy of Carahsoft's collection and production of documents, although the parties have met and conferred on a number of occasions, and although Carahsoft states it has produced approximately 332,000 documents, ECF No. 31 at 7, the parties have yet to engage in negotiations over the particular protocol Carahsoft has used or will use to identify potentially

responsive documents. On one hand, Carahsoft states it is uncomfortable "stat[ing] that all of the documentary material required by the demand and in the possession, custody, or control of [Carahsoft] has been produced," *see* 31 U.S.C. § 3733(f)(1), where as to at least some of the document requests Carahsoft states it believes it has produced all documents in its possession, custody, or control, but the government construes the scope of its request(s) differently. On the other hand, without more information regarding, for example, the search terms and timeframes Carahsoft used for particular custodians, the government is uncomfortable relying on Carahsoft's assurances that it has taken reasonable efforts to identify and produce responsive documents. Furthermore, although the parties have discussed potential accommodations or modifications to the terms of the CID, it does not appear those agreements (if any) have been memorialized in writing.

Accordingly, as discussed, the parties shall meet and confer and endeavor to reach agreement regarding a protocol for identifying whether additional documents exist that are responsive to the CID requests. This will include good faith and meaningful conferral regarding search terms and other aspects of a review protocol. This should include exchanges of search terms and custodians, and potentially information regarding the volume of documents that "hit" on particular search terms, so as to permit concrete and meaningful compromise with respect to searches that "hit" on volumes of documents the review burden for which may be disproportionate to the potential relevance of documents responsive to particular requests. *See* 31 U.S.C. § 3733(j)(6) ("The Federal Rules of Civil Procedure shall apply to any petition under this subsection, to the extent that such rules are not inconsistent with the provisions of this section."); Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Insofar as Carahsoft has previously withheld, on work product grounds, information related to search protocols such as search terms and hit reports, it has withdrawn such objections.

### **Document production certification**

Carahsoft's document production thus far has been accompanied by a certification that reads as follows, and was signed electronically by Carahsoft's counsel, Mr. Conway:

> I hereby certify that, to the best of my knowledge and belief, the materials included in these productions are genuine and are in substantial compliance with the documents requested in Civil Investigative Demand No. 22-498, as clarified in Blank Rome's discussions with DOJ.

The government contends that this certification does not comply with 31 U.S.C. § 3733(f)(1), which requires that any "production of documentary material in response to a civil investigative demand" be "made under a sworn certificate," and that such certificate "shall state that all of the documentary material required by the demand and in the possession, custody, or control of the person to whom the demand is directed has been produced and made available to the false claims law investigator identified in the demand." The government takes issue principally with (1) the certification's statement that Carahsoft is in "substantial" compliance with the CID, as opposed to having produced "*all* of the documentary material required by the demand and in the possession, custody, or control of [Carahsoft]," and (2) the certification's statement that such compliance is consistent with "Blank Rome's discussions with DOJ," where discussions remain ongoing with respect to the scope of production.

In light of the ongoing and incomplete nature of the parties' negotiations over a document collection protocol, the disputes over the propriety of Carahsoft's document certification are premature. At the appropriate time after the parties have worked out a protocol for completing production of documents, and following meaningful efforts to meet and confer regarding any modifications or clarifications to Carahsoft's document production certification, the government may file a motion on that issue if necessary, to be briefed consistent with the standard rules governing motions under this Court's Local Rules.

## Interrogatory certification

The parties also dispute the propriety of the certification that has accompanied Carahsoft's answers to the CID interrogatories, signed by Patrick Gallagher, who is a Vice President at Carahsoft. Mr. Gallagher's certification reads as follows:

> I hereby certify that I have reviewed the January 19, 2024 responses to the Interrogatories presented in the Civil Investigative Demand No. 22-498, and that, to the best of my knowledge, the responses are true and correct based on information and knowledge in the possession, custody, and control of Carahsoft.
>
> I certify under penalty of perjury that the foregoing is true and correct.

ECF No. 31-4, Ex. 6.

The government contends this certification does not comply with 31 U.S.C. § 3733(g), which provides as follows:

> Each interrogatory in a civil investigative demand served under this section shall be answered separately and fully in writing under oath and shall be submitted under a sworn certificate, in such form as the demand designates, by—
>
> > (1) in the case of a natural person, the person to whom the demand is directed, or
> >
> > (2) in the case of a person other than a natural person, the

>> person or persons responsible for answering each interrogatory.
>
> If any interrogatory is objected to, the reasons for the objection shall be stated in the certificate instead of an answer. The certificate shall state that all information required by the demand and in the possession, custody, control, or knowledge of the person to whom the demand is directed has been submitted. To the extent that any information is not furnished, the information shall be identified and reasons set forth with particularity regarding the reasons why the information was not furnished.

The government has expressed three principal concerns about this certification. First, the government contends that the certification does not satisfy the requirement that Carahsoft's interrogatory certification be signed by "the person or persons responsible for answering each interrogatory." 31 U.S.C. § 3733(g). The government's contention seems to be that (a) the interrogatory answers should be certified by each person or persons "responsible" for *preparing* the interrogatory answers, and (b) because Mr. Gallagher does not attest that he personally was responsible for preparing the written answers, the certification does not comply with § 3733(g). But here, Mr. Gallagher *is* the person whom Carahsoft has authorized to "answer[]" the interrogatories on its behalf, which is what § 3733(g)(2) provides. As Mr. Gallagher certified, he "reviewed" the interrogatory answers and then, on behalf of Carahsoft—under penalty of perjury—attested that the information provided is true and correct (to the best of his knowledge based on the information and knowledge in Carahsoft's possession, custody, and control). Nothing in § 3733(g) requires than an interrogatory answer signatory certify that he or she personally was responsible for drafting such answers, and the government has not cited any other authority for such a requirement.

Second, the government takes issue with Carahsoft qualifying Mr. Gallagher's certification as limited to the best of his knowledge "based on information and knowledge in the

possession, custody, and control of Carahsoft." It seems the government's concerns are that (a) Carahsoft would artificially limit the information available to Mr. Gallagher, such that *his* knowledge would be more limited than *Carahsoft's* knowledge, or (b) limiting the information in the interrogatory answers to Carahsoft's knowledge would not necessarily encompass communications between Carahsoft personnel and non-Carahsoft personnel. As to the former concern, an entity necessarily speaks through its agents, and here Carahsoft has authorized Mr. Gallagher to speak for it. The government has not articulated how else to apply the statutory within-the-CID-recipient's-knowledge standard to a corporate CID recipient, let alone that the Carahsoft formulation is inconsistent with that standard. As to the latter concern, insofar as information about such communications is within Carahsoft's "possession, custody, control, or knowledge," 31 U.S.C. § 3733(g)—or, as Carahsoft puts it, within the "information and knowledge in the possession, custody, and control of Carahsoft," ECF No. 31-4, Ex. 6— Carahsoft has certified through Mr. Gallagher that, unless objected to, such information *has* been provided.

Third, the government challenges the format of Mr. Gallagher's signature, which appears as follows: "/s/ Patrick Gallagher." The government concedes that § 3733(g) does not require a "wet" signature, and that instead an electronic signature qualifies. ECF No. 35 at 2. It suggests that Mr. Gallagher's signature should either (a) be a scanned version of a "wet" signature, or (b) accomplished using a system such as Docusign. ECF No. 35 at 2. The government, however, cites no authority to suggest that the format of Mr. Gallagher's electronic signature fails to satisfy the statutory requirements.[1]

---

[1] The government points to a page on the Court's website pertaining to "Non-Attorney Signature Formats" (https://www.mdd.uscourts.gov/content/non-attorney-signature-formats). *See* ECF No. 35 at 2. But it is the False Claims Act ("FCA") that controls, and in any event, with the

For these reasons, the government has not established any grounds for compelling a modification of Carahsoft's interrogatory certification.

## CONCLUSION

As discussed, it is ORDERED that the parties shall appear for another telephonic status conference on **Wednesday, March 6, 2024, at 10:00 a.m.** Call-in information for the call is **1-650-479-3207; Access code: 2303 914 8162.**

Date:  February 27, 2024

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Adam B. Abelson
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

government having conceded that a physical (i.e. "wet") signature is not required by the FCA, *see id.*, it is unclear the authority on which the government contends this Court could compel compliance with the Court's signature format guidance in the context of a certification of interrogatory compliance under the FCA.