IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
    *Plaintiff*,

v.

CARAHSOFT TECHNOLOGY CORP.,
    *Defendant*

No. 23-CV-1999-RDB

**ORDER**

Upon consideration of Defendant's Motion to Seal the Third Joint Status Report (ECF No. 32), Defendant's Motion to Seal the Notice to Court Regarding Carahsoft's Position on Sealing the Court's April 25, 2024 Opinion (ECF No. 50), and Defendant's Motion to Seal the Transcripts of Proceedings Held on October 17, 2023 and April 18, 2024 (ECF No. 52), as well as the response and reply to ECF No. 52, it is ORDERED that the motions (ECF Nos. 32, 50, and 52) are GRANTED and Documents 23, 31 (including exhibits thereto), 47, 49, and 51 shall be SEALED.

The Court recognizes the sensitive nature of the material presented in this case. The parties should be mindful, however, that a district court may only "seal documents if the public's right of access is outweighed by competing interests," and that "the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The party seeking to file documents under seal has the burden of overcoming this presumption. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The Court must also consider "less drastic alternatives to sealing the documents." *Conoco, Inc.*, 218 F.3d at 302.

Therefore, it is further ORDERED that Defendant shall file redacted versions of the

October 17, 2023 and April 18, 2024 transcripts **by June 14, 2024**.


Date:  May 30, 2024                                             /s/
                                                          Adam B. Abelson
                                                          United States Magistrate Judge

2