IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| The United States of America, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION NO. 1:23-CV-01999-RDB |
| v. | : | |
| Carahsoft Technology Corp., | : | |
| Defendant. | : | |

**THE UNITED STATES' OPPOSITION TO CARAHSOFT'S MOTION TO SEAL THE MOTION TO SET ASIDE CIVIL INVESTIGATIVE DEMAND NO. 24-754**

The United States opposes Carahsoft's motion (ECF 65) to seal and prevent public access to its motion (ECF 64) to set aside civil investigative demand ("CID") No. 24-754. In deference to the Court, the United States filed its opposition to ECF 64 under seal. ECF 67. However, the United States believes this Court should unseal ECF 67 as well or, in the alternative, to unseal copies with the redaction of the information that merits protection.

The Court should deny Carahsoft's motion to seal for it impinges on the presumptive right of public access to judicial proceedings. *See Co. Doe v. Pub. Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014) (recognizing that the First Amendment includes a right of public access to court proceedings and records); *United States v. Wecht*, 484 F.3d 194, 207-08 (3d Cir. 2007) ("[I]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records."). Carahsoft's generalized claim of "confidential and commercially sensitive information," ECF 65 at 2, is inadequate to overcome the presumption and does not meet the related requirement that "[a]ny motion seeking the sealing of pleadings . . .

or other documents . . . shall include (a) proposed reasons supported by **specific factual representations to justify the sealing** and (b) an explanation why alternatives to sealing would not provide sufficient protection." L.R. 105.11 (emphasis added).

Carahsoft cannot satisfy L.R. 105.11 because it has not pointed to a single *specific* passage in its motion to set aside the CID that contains "confidential and commercially sensitive information related to Carahsoft and its business partners." ECF 65 at 2. Additionally, Carahsoft has offered no explanation as to why an alternative to sealing would not provide sufficient protection against the harms it alleges, which the Court previously recognized was a necessary consideration. *See* ECF 55. ("The Court must also consider 'less drastic alternatives to sealing the documents.'") (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)).

During the recent filing of the Ninth Joint Status Report in this matter, when Carahsoft asked the United States to consent to file under seal, the United States offered a less drastic alternative, recommending that Carahsoft "remove or de-identify" the names of third parties that it believes would justify sealing the pleading. Email from V. Vaccarella to Samarth Barot, Bill Lawler, & Rick Conway, Aug. 1, 2024. Carahsoft declined, and moved to seal the pleading instead. ECF 63 (Carahsoft's motion to seal the Ninth Joint Status Report).

The United States respectfully asks this Court to deny Carahsoft's motion on the pleadings or to require Carahsoft to provide redacted copies for public access.

August 28, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EREK L. BARRON
United States Attorney

    /s/ vjv
MATT HAVEN
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800
Matthew.Haven@usdoj.gov

JAMIE ANN YAVELBERG
SARA McLEAN
SAMSON O. ASIYANBI
VINCENT J. VACCARELLA
Commercial Litigation Branch
United States Department of Justice
175 N Street, N.E., Suite 9.224
Washington, D.C. 20002
(202) 353-1053
(202) 307-0418
Samson.Asiyanbi2@usdoj.gov
Vincent.J.Vaccarella@usdoj.gov