# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>CARAHSOFT TECHNOLOGY CORP.,<br><br>　　　Defendant. | Case No. 1:23-cv-01999-RDB |

**DEFENDANT CARAHSOFT TECHONOLOGY CORP.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL THE MOTION TO SET ASIDE CIVIL INVESTIGATIVE DEMAND NO. 24-754**

Defendant Carahsoft Technology Corp. ("Carahsoft"), by and through its attorneys, submits this Reply in further support of Carahsoft's Motion to Seal the Motion to Set Aside Civil Investigative Demand No. 24-754 (the "Motion") [ECF No. 65]. Alternatively, Carahsoft requests that the Court allow Carahsoft to redact portions of the Motion that reveal confidential and commercially sensitive information of Carahsoft and its business partners, and/or portions of the Motion that reveal the substance of the investigation being undertaken by the Department of Justice ("DOJ").

This Court has previously granted Carahsoft's requests to seal several of its filings in their entirety due to the presence of the exact same information Carahsoft seeks to shield in the Motion.[1] *See* ECF No. 55. In the Court's Order sealing those filings in their entirety, the Court noted that it "recognizes the sensitive nature of the material presented in this case." *See* ECF No. 55.

---

[1] The Court ordered ECF Nos. 23, 31 (including exhibits thereto), 47, 49, and 51 be sealed based on Defendant's Motion to Seal the Third Joint Status Report (ECF No. 32), Defendant's Motion to Seal the Notice to Court Regarding Carahsoft's Position on Sealing the Court's April 25, 2024 Opinion (ECF No. 50), and Defendant's Motion to Seal the Transcripts of Proceedings Held on October 17, 2023 and April 18, 2024 (ECF No. 52), as well as the response and reply to ECF No. 52.

Therefore, it is curious that DOJ, once again, objects to sealing information about the substance of an ongoing investigation, and other commercially sensitive and confidential information related to Carahsoft and its business partners.

I.  **ARGUMENT**

While it is true that the public has some presumptive right of access to judicial proceedings, "[t]his right of access to court records is not absolute, however." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Courts have found that "the "mere existence of a ... right of access to a particular kind of document does not entitle[] the press and public to access in every case." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "This presumption of access … can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id*. Specifically, Courts have found that when "the documents in question contain confidential, proprietary, and commercially sensitive information" sealing of the documents is appropriate. *Maxtena, Inc. v. Marks*, No. CV DKC 11-0945, 2013 WL 12328065, at *3 (D. Md. Mar. 29, 2013) (citing *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004)). This includes any "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978).

Therefore, courts grant motions to seal where a party has demonstrated that the release of information of a confidential, propriety, and commercially sensitive nature "would disadvantage [the sealing proponent] relative to its competitors." *Marks v. Licul*, 2013 WL 6014026, at *7–8 (D. Md. Nov. 7, 2013); *see Hammons v. Univ. of Maryland Med. Sys. Corp.*, 2023 WL 2213686, at *2 (D. Md. Feb. 24, 2023) (granting a motion to seal where allowing access would impact the party's competitive standing and negotiating power in future agreements and would "allow competitors insight into the day-to-day workings … that they should not have nor were ever

intended to have."); *see also Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 95 F. Supp. 3d 860, 885 (D. Md. 2015), *aff'd*, 885 F.3d 271 (4th Cir. 2018) (granting a motion to seal where revealing confidential business terms would impact the sealing proponent and related parties "by affecting their bargaining positions within the marketplace by giving their competitors and other business partners commercially sensitive information.").

Here, the Motion contains commercially sensitive and highly confidential information related to Carahsoft and its business partners. Specifically, the Motion details Carahsoft's product offerings, the number of orders Carahsoft has received, number of quotes it has submitted, the identity and number of federal agencies it has done business with, including the number of specific orders and quotes submitted for Department of Defense agencies and federal civilian agencies, and the identity and number of orders received and quotes it has submitted related to a third-party's product. *See* Motion at pp. 1, 2, 8, 10-12. The confidential information in the Motion pertains to Carahsoft's business operations, strategy, and ventures with third parties that are unrelated to the Government's inquiry into Carahsoft. Carahsoft's competitors may exploit this information to try to replicate Carahsoft's operations and business strategy, thereby diminishing its unique competitive advantage. Furthermore, these competitors may use the information to target relationships with certain parties, or to disrupt, undermine, or even sabotage Carahsoft's business relationships. Allowing public view of this information would be detrimental to Carahsoft and adversely impacts its standing in the marketplace. Therefore, this Court should grant Carahsoft's Motion to Seal to prohibit any further impact to Carahsoft's competitive advantage.

Further, it is undisputed that the substance of an ongoing investigation should remain sealed "because of the harm that could result to all parties if disclosed" during its pendency. *United States v. Sentara Healthcare*, No. CV 3:23-MC-00007, 2024 WL 1023065, at *7 (W.D. Va. Mar.

8, 2024); *see Am. C.L. Union v. Holder*, 673 F.3d 245, 250 (4th Cir. 2011) (stating that, sealing provisions exist, *inter alia*, "to protect the reputation of a [party]" where "the United States has not yet decided whether to intervene"); *see also* 31 U.S.C. § 3733(i)(2)(C) (stating that "[e]xcept as otherwise provided in this subsection, no documentary material, answers to interrogatories, or transcripts of oral testimony, or copies thereof, while in the possession of the custodian, shall be available for examination by any individual other than a false claims law investigator or other officer or employee of the Department of Justice authorized under subparagraph (B).").

Here, the Motion includes an extensive discussion of the status and the substance of the pending investigation being undertaken by the DOJ, as well as Carahsoft's significant efforts in complying with the Government's investigation. The Motion reveals the scope and specific inquiries of CID No 22-498 ("First CID") and the New CID. The unsupported allegations contained in the First CID and New CID specified in the Motion have the potential to impact Carahsoft and its business partners' competitive standing in the marketplace. This is the exact kind of harm a motion to seal is supposed to protect against. *See Sentara Healthcare*, No. CV 3:23-MC-00007, 2024 WL 1023065, at *7; *Holder*, 673 F.3d at 250. Moreover, because Motion is chock-full of information that reveals the substance of the pending investigation, redacting portions of the Motion will likely not be sufficient. Therefore, given the potential harm to all parties by the disclosure of the substance of DOJ's pending investigation, the Court should grant Carahsoft's Motion to Seal.

In the alternative, in lieu of sealing the Motion, given the potential harm to all parties, Carahsoft requests the Court's approval to redact portions of the Motion that contains the confidential and sensitive information related to Carahsoft and its business partners as well as the substance of the pending investigation.

4

## II.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court seal the Motion in its entirety, or alternatively, allow Carahsoft to redact portions of the Motion that contain the highly confidential and sensitive information related to Carahsoft and its business partners as well as the substance of the ongoing investigation.

| | |
|---|---|
| Dated: September 11, 2024 | Respectfully submitted,<br><br>*/s/ William E. Lawler*<br>William E. Lawler<br>Richard Conway, *Pro Hac Vice*<br>Samarth Barot<br>**BLANK ROME LLP**<br>1825 Eye Street, NW<br>Washington, D.C. 20006<br>Tel: (202 420-2235<br>Fax: (202) 420-2201<br>*william.lawler@blankrome.com*<br>*richard.conway@blankrome.com*<br>*samarth.barot@blankrome.com*<br><br>*Counsel for Carahsoft Technology Corp.* |