IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:23-cv-01999-RDB |
| **CARAHSOFT TECHNOLOGY CORP.,** | * | |
| *Defendant*. | * | |
| | * | |

\* \* \* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This case arises from a petition by the government to direct Carahsoft Technology Corporation ("Carahsoft") to comply with a Civil Investigative Demand ("CID"). (ECF Nos. 1, 3). Currently pending before the Court is (1) Carahsoft's Motion to Seal the parties' Eleventh Joint Status Report (ECF No. 81); and (2) Carahsoft's Motion for Protective Order (ECF No. 82). The Court has considered the Motions, the government's Opposition thereto (ECF No. 83), and Carahsoft's Reply (ECF No. 84). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, Carahsoft's Motion to Seal the Eleventh Joint Status Report will be GRANTED and Carahsoft's Motion for Protective Order will be DENIED.

### I.     Carahsoft's Motion for Protective Order

Carahsoft moves for a protective order to seal all joint status reports going forward because the reports "are bound to contain highly confidential and sensitive information related to Carahsoft and its business partners as well as the substance of the ongoing investigation." (ECF No. 82 at 4).[1] As detailed in Carahsoft's filings and reflected in the public docket, this Court has sealed Joint

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

Status Reports at ECF Nos. 28, 31, 56, 62, and 77. The government has opposed Carahsoft's previous Motions to Seal, and similarly opposes the instant Motion for Protective Order. (ECF No. 83). Carahsoft contends that the government's continual objections to requests to shield what is essentially the same information have caused it to incur significant undue burden and expense, and that a protective order will "alleviate the need for this Court to continually address Carahsoft's legitimate privacy concerns." (ECF No. 82 at 4). While that may be so, Fourth Circuit precedent clearly dictates the requisite procedure for sealing court filings. A district court may only "seal documents if the public's right of access is outweighed by competing interests," and "the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1988)). Accordingly:

> Before a district court may seal any court documents…it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Id.* (first citing *Knight*, 743 F.2d at 235-36; then citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). This procedure "*must* be followed when a district court seals judicial records or documents." *Id.* (emphasis added) (quoting *Stone*, 855 F.2d at 179-80, 182). A motion to seal must also comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

Although Carahsoft cites several cases for the proposition that "the Fourth Circuit has consistently found that issuing a protective order is a suitable method to prevent disclosure of confidential information[,]" none use a protective order as a means to preemptively seal court documents before they are filed. (ECF No. 82 at 2).[2] Further, in *Rushford v. New Yorker Magazine*, the Fourth Circuit found it necessary to apply the *Knight* framework to determine whether documents produced under a protective order should be sealed once they were attached to a public court filing. 846 F.2d 249, 252-54 (4th Cir. 1988) ("[W]e question whether the [Protective] Order remained in effect over these documents once they were submitted to the court below as attachments to a summary judgment motion."). The Court therefore believes that an individualized determination is necessary to seal each Joint Status Report. While filing a Motion to Seal for each Report may be burdensome, this process will best allow the Court to adhere to the procedures outlined in *Knight* and the Local Rules. Carahsoft's Motion for Protective Order is therefore denied.

## II.     Carahsoft's Motion to Seal the Eleventh Joint Status Report

Carahsoft additionally moves to seal the parties' Eleventh Joint Status Report, on the basis that it "contains confidential and commercially sensitive information related to Carahsoft and its business partners" as well as "discussion of the status and the substance of the pending investigation being undertaken by the DOJ, which includes several unsupported substantive

---

[2] *See, e.g.*, *Virmani v. Novant Health Inc.*, 259 F.3d 284, 293 n.4 (4th Cir. 2001) (discussing the role of a protective order in alleviating confidentiality concerns with regard to discovery material produced); *Bryte v. American Household, Inc.*, 142 F. App'x 699, 703 (4th Cir. 2005) (recognizing the defendant's legitimate interest in filing motions for protective order to prevent "unfettered dissemination of its propriety, confidential, trade secret and private documents" by "seeking to limit discovery *to this case* and to deny the [plaintiff's] counsel the right of sharing discovery with other litigants in other cases[.]"); *In re Neubauer*, 173 B.R. 505, 506, 508 (D. Md. 1994) (affirming protective order requiring appellant to disclose names of persons he intends to reveal appellee's confidential information to, so as to "prevent competitors from gaining access to its confidential business information.").

allegations about Carahsoft and its business partners." (ECF No. 81 at 1-2). The government opposes the Motion, arguing that sealing the joint status reports impinges upon the well-established right of public access to judicial proceedings. (ECF No. 83 at 1) (citations omitted). Based on an independent review of the Joint Status Report, the Court agrees that it contains confidential and potentially commercially sensitive information which warrants sealing. *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal documents containing "confidential, proprietary, and commercially sensitive information); *see also Maxtena, Inc. v. Marks*, No. DKC 11-0945, 2013 WL 12328065, at *3 (D. Md. Mar. 29, 2013). Redacting portions of the Report will not be sufficient because it generally pertains to the details and status of the government's investigation. Accordingly, Carahsoft's Motion to Seal the Eleventh Joint Status Report is granted.

Date: November 21, 2024

/s/
J. Mark Coulson
United States Magistrate Judge