IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| The United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Carahsoft Technology Corp.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:23-cv-01999-RDB<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CARAHSOFT TECHNOLOGY CORP.'S MOTION TO SEAL JOINT STATUS REPORT FILED ON JANUARY 8, 2026**

Defendant Carahsoft Technology Corp. ("Carahsoft"), by and through its attorneys, hereby moves this Honorable Court, pursuant to Local Rule 105.11, for an order to seal the Joint Status Report filed on January 8, 2026 ("Status Report") [ECF No. 132]. In the alternative, Carahsoft requests that the Court allow Carahsoft to redact portions of the Status Report that contains highly sensitive information related to Carahsoft and related parties, and also reveal the substance of the investigation being undertaken by the Department of Justice ("DOJ"), which would not be provided sufficient protection by any alternative to sealing.

Pursuant to Local Rule 105.11, a motion to seal any document to be filed in the Court record shall include "proposed reasons supported by specific factual representations to justify the sealing." D. Md. L.R. 105.11. Courts have found that when "the documents in question contain confidential, proprietary, and commercially sensitive information" sealing of the documents is appropriate. *Maxtena, Inc. v. Marks*, No. CV DKC 11-0945, 2013 WL 12328065, at *3 (D. Md. Mar. 29, 2013) (citing *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004)).

Here, the Status Report contains confidential and commercially sensitive information related to Carahsoft and its business partners. The Status Report also contains a discussion of the status and the substance of the pending investigation being undertaken by the DOJ. This information has the potential to harm Carahsoft and its business partners' competitive standing in the marketplace. This is the exact kind of harm a motion to seal is supposed to protect against. *See United States v. Sentara Healthcare*, No. CV 3:23-MC-00007, 2024 WL 1023065, at *7 (W.D. Va. Mar. 8, 2024); *Am. C.L. Union v. Holder*, 673 F.3d 245, 250 (4th Cir. 2011) (stating that, sealing provisions exist, *inter alia*, "to protect the reputation of a [party]" where "the United States has not yet decided whether to intervene"). Accordingly, Carahsoft moves to seal the Joint Status Report filed on January 8, 2026 [ECF No. 132].

Dated: January 8, 2026                                          Respectfully submitted,

                                                                 /s/ William E. Lawler
                                                                William E. Lawler III
                                                                Samarth Barot
                                                                BLANK ROME LLP
                                                                1825 Eye Street, NW
                                                                Washington, D.C. 20006
                                                                Tel: (202) 420-2235
                                                                Fax: (202 420-2201
                                                                william.lawler@blankrome.com
                                                                samarth.barot@blankrome.com

                                                                *Counsel for Carahsoft Technology Corp*